24-781
Islam v. Blanche

BIA
Decure, IJ
A246 253 180/181/182

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges.*

_____

NAZRUL ISLAM, SHORNOARA BEGUM, N.B.,*

> *Petitioners,*

> v.

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

24-781
NAC

_____

* We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

_____

**FOR PETITIONERS:**      Mahfuzur Rahman, Esq., Elmhurst, NY.

**FOR RESPONDENT:**      Brian M. Boynton, Principal Deputy Assistant
Attorney General; Rebecca Hoffberg Phillips,
Senior Litigation Counsel; Jennifer P.
Williams, Trial Attorney, Office of
Immigration Litigation, United States
Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Nazrul Islam, Shornoara Begum, and their minor child, natives and citizens of Bangladesh, seek review of a March 6, 2024, decision of the BIA affirming an August 1, 2023, decision of an Immigration Judge ("IJ") denying Islam's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nazrul Islam, et al.*, Nos. A 246 253 180/181/182 (B.I.A. Mar. 6, 2024), *aff'g* Nos. A 246 253 180/181/182 (Immigr. Ct. N.Y.C. Aug. 1, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA, and have reviewed only the adverse credibility determination, which was the

2

agency's basis for the denial of all forms of relief. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no

3

reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Islam alleged that members of the then-ruling Awami League threatened and attacked him on numerous occasions because he was a low-level member of the opposing Liberal Democratic Party ("LDP"). Substantial evidence supports the agency's conclusion that Islam was not credible.

The IJ reasonably relied on inconsistencies between Islam's testimony and written statement. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Islam testified that members of the Awami League first physically attacked him in January 2015, but his written statement reflected that the first attack was almost a year later in December 2015. Moreover, his written statement described the interaction with the Awami League in January 2015 as consisting only of threats, and the written statement and testimony were inconsistent about where the January 2015 encounter occurred. The IJ was not compelled to credit Islam's explanation of a faulty memory given the detail provided in his written statement and the importance of the first physical attack. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

4

to credit his testimony." (quotation marks omitted)).

The IJ also reasonably relied on an inconsistency regarding Islam's attempts to file police reports after the attacks. In his written statement, he said he filed a complaint after the Awami League threatened him in March 2015, then did not initially testify that he did so; and he testified that he filed a report after a June 2016 attack, but did not include that fact in his written statement. The IJ reasonably relied on the omissions, as it was reasonable to expect that Islam would have disclosed all attempts to go to the police in his statement, especially as he stated that his written statement was more accurate. *See Hong Fei Gao*, 891 F.3d at 78 (explaining that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose" (quotation marks omitted)).

Finally, the IJ appropriately relied on inconsistencies in the timing of Islam's last encounter with the Awami League after he returned to Bangladesh in 2022 after living in Brazil for five years. Most pertinent is Islam's testimony that he encountered Awami League leaders in a market in Bangladesh 10 to 20 days after returning from Brazil in February 2022, but his written statement placed that encounter in October 2022, about eight months later, and identified it as the event

5

that precipitated his departure from Bangladesh. Given the eight-month difference, the IJ was not required to accept Islam's explanation that 10 to 20 days was an estimate. *See Majidi*, 430 F.3d at 80.

The adverse credibility is bolstered by the agency's finding that Islam failed to rehabilitate his credibility with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Islam has not meaningfully challenged this corroboration finding as his brief does not address the agency's findings regarding specific evidence and makes only conclusory statements. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned where brief "devote[d] only a single conclusory sentence to" it).

In sum, the inconsistencies and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao v.*

*Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167 ("Even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential." (quotation marks and brackets omitted)). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief rely on the same discredited factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
